UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br>　v.<br>KEVIN SALISBURY,<br>　　　　　　　　　Defendant. | Case No. 2:13-cr-00062-JCM-PAL<br><br>ORDER<br><br>(Mot Compel – Dkt. #79) |

　　　　Before the court is Defendant Kevin Salisbury's ("Salisbury") Motion to Compel (Dkt. #79). The court has considered the Motion and the government's Response (Dkt. #80).

　　　　Salisbury has been indicted and charged with one count of assault on a federal officer in violation of 18 U.S.C. § 111(a) for allegedly striking a U.S. Marshal Service Detention Officer while he was engaged in his official duties. In the current motion he seeks to compel all written training materials "outlining the standard, defining and describing" Officer Eclevia's performance of his official duties, specifically, the use of force and all relevant contact with Salisbury in this case. He also seeks a review of Officer Eclevia's personnel file. Salisbury claims that because an the essential element of the offense involves proof that the officer was engaged in official duties, the materials he seeks may be *Brady* material to the extent Officer Eclevia failed to act within the scope of his duties. He seeks a review of the personnel file pursuant to the provisions of *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) (cert. denied 112 S.Ct. 1558 (1992)). He acknowledges that under applicable law, a review of the personnel file may be done by an appropriate agency attorney or member of his/her staff other than the federal prosecutor responsible for this case.

　　　　The government opposes the motion to compel on the grounds that it is not obligated to produce any and all written materials outlining the standard, and defining and describing U.S.

1

Marshal Eclevia's performance of his official duties because they are not within the government's possession, custody or control under Rule 16(2). Additionally, the government argues that this discovery is not material to preparing Salisbury's defense under Rule 16(3), and is neither *Brady* nor *Giglio* material. Salisbury has not shown that the requested documents would support his defense or how they are material to preparing a defense. He has also not shown that the documents would constitute *Brady* or *Giglio* material. The fact that "U.S. Marshal Eclevia's actions were within the performance of his official duties or not does not constitute evidence that is material to the guilt or punishment of the defendant." The government affirmatively represents that it has followed its obligations under *Brady, Giglio*, and *Henthorn* in this case regarding U.S. Marshal Eclevia.

Having reviewed and considered the matter, the court will deny the motion to compel, but give counsel for Salisbury leave to serve the U.S. Marshals Service with a subpoena duces tecum to produce: (1) the written job description for Marshal Eclevia's position; and (2) the U.S. Marshals Service use of force policies applicable to a detention officers.

**IT IS ORDERED** that:

1. The Motion to Compel (Dkt. #79) is **DENIED**.
2. Counsel for Salisbury may serve the U.S. Marshal Service with a subpoena duces tecum to produce: (1) the written job description for Marshal Eclevia's position; and (2) the U.S. Marshals Service use of force policies applicable to detention officers.
3. The documents produced pursuant to the subpoena duces tecum shall be delivered to the clerk of court no later than June 29, 2015.
4. Upon receipt of the documents, the clerk of the court shall notify counsel for both sides that the documents are available for inspection and copying.

DATED this 8th day of June, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE